**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------

**STEVEN BARIL,**

               **Plaintiff,**        **14 Civ. 02364 (JGK)**

         **- v.-**                       **MEMORANDUM OPINION AND**
                                             **ORDER**
**JPMORGAN CHASE BANK, N.A.,**

               **Defendant.**
--------------------------------

**JOHN G. KOELTL, District Judge:**

     The plaintiff, Steven Baril, proceeding pro se, brings this diversity action against the defendant JPMorgan Chase Bank, N.A. ("Chase") alleging claims of fraudulent misrepresentation, fraudulent inducement, and fraudulent concealment. The defendant now moves to dismiss the Second Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, or, in the alternative, to convert the motion to a motion for summary judgment pursuant to Rule 12(d) of the Federal Rules of Civil Procedure. For the reasons explained below, the defendant's motion to dismiss or for summary judgment is granted.

**I.**

     Unless otherwise indicated, the following facts are accepted as true for purposes of the pending motion.

On May 28, 2010, Chase foreclosed Baril's mortgage on his home and purchased the home at the foreclosure sale.  Sec. Am. Compl. at ¶¶ 10-11.  On June 17, 2010, Baril brought an action against Chase in the Rockingham Superior Court, in Brentwood, New Hampshire, alleging that the foreclosure on Baril's mortgage was wrongful and orchestrated without requisite legal standing.  See id. at ¶¶ 12, 20.  On or about August 16, 2010, a Landlord and Tenant Writ was served by Freddie Mac on Baril to evict him from his home.  Id. at ¶ 17.  On or about October 31, 2011, Chase presented a settlement agreement and release ("SAR") to Baril for his consideration while he was preparing for trial on the wrongful foreclosure claim.  Id. at ¶¶ 18, 19.  On November 2, 2011, Baril was evicted from his home by the Rockingham County Sherriff.  Id. at ¶ 20.  Also on November 2, 2011, Patricia L. Green signed the SAR as Vice President of Chase.  Id. at ¶ 24.  On November 8, 2011, Baril executed the SAR.  Id. at ¶ 27.  Baril accepted a check for $35,000 from Chase in accordance with the terms of the SAR.  Id. at ¶¶ 41(b), 65.

Baril alleges that the Patricia L. Green who signed the SAR as a representative of Chase is the same person as Linda Green, an alleged robo-signer for Wells Fargo bank in 2002, and not a duly authorized agent of the defendant.  Id. at ¶¶ 28-30, Ex. C.

On March 28, 2014, the plaintiff brought this action against defendant Chase, and subsequently filed amended

2

complaints on May 16, 2014 and July 30, 2014. The defendant now moves to dismiss the second amended complaint or for summary judgment.

This Court has jurisdiction under 28 U.S.C. § 1332(a)(2) based on diversity of citizenship. For the reasons explained below, Chase's motion to dismiss the Second Amended Complaint or for summary judgment is granted.

## II.

In deciding a motion to dismiss pursuant to Rule 12(b)(6), the allegations in the complaint are accepted as true, and all reasonable inferences must be drawn in the plaintiff's favor. McCarthy v. Dun & Broadstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007). The court's function on a motion to dismiss is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985). The Court should not dismiss the complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678

(2009).  While the Court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions."  Id.

When faced with a pro se complaint, the Court must "construe [the] complaint liberally and interpret it to raise the strongest arguments that it suggests."  Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010) (citation and internal quotation marks omitted).  "Even in a pro se case, however, . . . threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id. (citation omitted).  Thus although the Court is "obligated to draw the most favorable inferences" that the complaint supports, it "cannot invent factual allegations that [the plaintiff] has not pled."  Id.

A federal district court sitting in diversity jurisdiction must apply the choice-of-law principles of the forum state, in this case New York.  Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496-97 (1941).  Under New York law, "the first step in any case presenting a potential choice of law issue is to determine whether there is an actual conflict between the laws of the jurisdictions involved."  GlobalNet Financial.com, Inc. v. Frank Crystal & Co., 449 F.3d 377, 382 (2d Cir. 2006)

(quoting In re Allstate Ins. Co., (Stolarz), 613 N.E.2d 936, 937 (N.Y. 1993)).

The differences, if any, between common law fraud in New Hampshire, where the plaintiff resides and executed the SAR, and New York, the defendant's principal place of business, are immaterial.  Compare Tessier v. Rockefeller, 33 A.3d 1118, 1124 (N.H. 2011) (stating that the elements of actual fraud in New Hampshire are (1) a misrepresentation; (2) knowledge of the representation's falsity; (3) made for the purpose of inducing another to act or refrain from action; (4) justifiable reliance; and (5) pecuniary loss), with Wynn v. AC Rochester, 273 F.3d 153, 156 (2d Cir. 2001) ("Under New York law, to state a claim for fraud a plaintiff must demonstrate: (1) a misrepresentation or omission of material fact; (2) which the defendant knew to be false; (3) which the defendant made with the intention of inducing reliance; (4) upon which the plaintiff reasonably relied; and (5) which caused injury to the plaintiff"). Accordingly, New York Law may be applied to determine the elements of a claim for fraud against the plaintiff in connection with his execution of the SAR in New Hampshire.

Furthermore, both parties' briefs assume that New York law controls, and such "implied consent . . . is sufficient to establish choice of law." Krumme v. WestPoint Stevens Inc., 238 F.3d 133, 138 (2d Cir. 2000) (quoting Tehran-Berkeley Civil &

Envtl. Eng'rs v. Tippetts-Abbett-McCarthy-Stratton, 888 F.2d 239, 242 (2d Cir. 1989)). Therefore, New York law will be applied.

**III.**

The plaintiff asserts three causes of action: fraudulent misrepresentation, fraudulent inducement, and fraudulent concealment. As mentioned above, "[u]nder New York law, to state a claim for fraud a plaintiff must demonstrate: (1) a misrepresentation or omission of material fact; (2) which the defendant knew to be false; (3) which the defendant made with the intention of inducing reliance; (4) upon which the plaintiff reasonably relied; and (5) which caused injury to the plaintiff." Wynn, 273 F.3d at 156. Where a plaintiff pleads fraud by omission, "it must prove additionally that the plaintiff had a duty to disclose the concealed fact." Merrill Lynch & Co. Inc. v. Allegheny Energy, Inc., 500 F.3d 171, 181 (2d Cir. 2007).

Allegations of fraud are governed by the heightened pleading standard set forth in Federal Rule of Civil Procedure 9(b). Rule 9(b) provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."

6

Fed. R. Civ. P. 9(b). In order to meet the heightened pleading standard provided by Rule 9(b), a complaint must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 99 (2d Cir. 2007); see also Sher v. Allstate Ins. Co., 947 F. Supp. 2d 370, 385 (S.D.N.Y. 2013).

## A.

The plaintiff's first and second causes of action are for fraudulent misrepresentation and fraudulent inducement. Under New York law, these two claims can be treated together as common law fraud. Fax Telecommunicaciones Inc. v. AT&T, 138 F.3d 479, 490 (2d Cir. 1998) (stating New York law requires same elements for fraudulent misrepresentation and fraudulent inducement). The plaintiff alleges that Chase committed fraud by representing that Patricia L. Green was a Vice President of Chase with the authority to bind Chase to the SAR, and that this was false. However, this conclusory allegation fails to meet the heightened Rule 9(b) pleading standard. See Fed. R. Civ. P. 9(b); Wexner v. First Manhattan Co., 902 F.2d 169, 172-73 (2d Cir. 1990).

There are no factual allegations to support the conclusory allegation that Patricia L. Green was not authorized to sign the SAR on behalf of Chase, particularly in view of the fact that

7

Chase performed under the SAR by paying $35,000 to the plaintiff.  The plaintiff's allegation that Patricia L. Green is actually Linda Green, an alleged robo-signer and one-time employee of Wells Fargo Bank does nothing to advance the plaintiff's theory of fraud.  It is true that New York courts have routinely shown intolerance for robo-signing.  See 2132 Presidential Assets, LLC v. Carrasquillo, 965 N.Y.S.2d 694, 697 (Civ. Ct. 2013); see also OneWest Bank, F.S.B. v. Drayton, 910 N.Y.S.2d 857, 859 (Sup. Ct. 2010) (defining a robo-signer as "a person who quickly signs hundreds or thousands of foreclosure documents in a month, despite swearing that he or she has personally reviewed the mortgage documents but has not done so").  But here, the plaintiff presents no facts that indicate that the SAR in this case was robo-signed.  Furthermore, whether or not Patricia L. Green is in fact the same person as the Linda Green who robo-signed documents for Wells Fargo in 2002 says nothing about her authority to endorse an individual settlement agreement for Chase in 2011.  Moreover, the plaintiff concedes that he accepted the payment of $35,000 from Chase according to the terms of the SAR, indicating that Chase performed its obligation under the agreement and fully bound itself pursuant to the authority of Patricia L. Green to sign the SAR.

    Baril also fails to show reasonable reliance.  By Baril's own admission, the promise of a $35,000 payment—a payment that

Chase made and Baril accepted—induced him into accepting the SAR.  Sec. Am. Compl. ¶ 56(a)  There is no indication that, at the time of execution, Baril even questioned the authority of Patricia L. Green to sign the SAR.  Accordingly, it follows that Baril relied upon the representation that consideration would be forthcoming, not the representation of Patricia L. Green's authority to execute the SAR on behalf of Chase.

Finally, the plaintiff has not shown injury that was caused by the misrepresentation he alleges.  The plaintiff claims that Chase's alleged misrepresentation prevented him from fully litigating the wrongful foreclosure action to recover his home and clear his reputation and that it ruined his financial standing and future employment opportunities.  Sec. Am. Compl. ¶ 50.  Throughout the execution of the SAR, Chase behaved as though it fully intended to be bound by the agreement, and Baril never questioned this.  Both parties fully performed the agreement regardless of the authority of Patricia L. Green.  Given these facts, it is unreasonable to conclude that the alleged injury could have arisen from Chase's representation of Patricia L. Green's authority.  Rather, any injury arose from the earlier foreclosure—wrongful or not—and plaintiff's decision to accept the terms of the SAR, which terminated the wrongful foreclosure litigation, eliminating the possibility of recovering his home and clearing his reputation.  Any injury did

9

not arise from the representation of Patricia L. Green's authority to sign the SAR for Chase.

Therefore, the plaintiff has failed to state claims for fraudulent misrepresentation and fraudulent inducement, and the defendant's motion to dismiss the first and second causes of action is granted.

**B.**

The plaintiff's third cause of action is for fraudulent concealment. A claim of fraudulent concealment shares the same elements as common law fraud with the additional requirement that "a plaintiff must also prove that the defendant had a duty to disclose the material information." Banque Arabe et Internationale D'Investissement v. Maryland Nat. Bank, 57 F.3d 146, 153 (2d Cir. 1995) (citing Brass v. American Film Techs., Inc., 987 F.2d 142, 152 (2d Cir. 1993); Gurnee v. Hasbrouck, 195 N.E. 683 (N.Y. 1935)). "[A] duty to disclose may arise in two situations: first, where the parties enjoy a fiduciary relationship, and second, where one party possesses superior knowledge, not readily available to the other, and knows that the other is acting on the basis of mistaken knowledge." Lerner v. Fleet Bank, N.A., 459 F.3d 273, 292 (2d Cir. 2006).

The plaintiff again relies on his allegation that Patricia L. Green lacked the authority to sign the SAR, and once again, the plaintiff has failed adequately to plead any facts that show

10

this to be true. Because the plaintiff has failed to identify any material information that Chase failed to disclose, it is not necessary to consider whether the defendant had a duty to disclose. Therefore the defendant's motion to dismiss the third cause of action is granted.

### IV.

Moreover, whatever the resolution of the defendant's motion to dismiss, the defendant's motion for summary judgment should also be granted.

### A.

The standard for granting summary judgment is well established. "The [C]ourt shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Gallo v. Prudential Residential Servs. L.P., 22 F.3d 1219, 1223 (2d Cir. 1994). "[T]he trial court's task at the summary judgment motion stage of the litigation is carefully limited to discerning whether there are genuine issues of material fact to be tried, not to deciding them. Its duty, in short, is confined at this point to issue-finding; it does not extend to issue-resolution." Gallo, 22 F.3d at 1224.

The moving party bears the initial burden of "informing the district court of the basis for its motion" and identifying the matter that "it believes demonstrate[s] the absence of a genuine issue of material fact." Celotex, 477 U.S. at 323. The substantive law governing the case will identify those facts that are material and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587–88 (1986); see also Gallo, 22 F.3d at 1223. Summary judgment is improper if there is any evidence in the record from any source from which a reasonable inference could be drawn in favor of the nonmoving party. See Chambers v. TRM Copy Ctrs. Corp., 43 F.3d 29, 37 (2d Cir. 1994). If the moving party meets its burden, the nonmoving party must produce evidence in the record and "may not rely simply on conclusory statements or on contentions that the affidavits supporting the motion are not credible." Ying Jing Gan v. City of New York, 996 F.2d 522, 532 (2d Cir. 1993); see also Scotto v. Almenas, 143 F.3d 105, 114–15 (2d Cir. 1998) (collecting cases).

**B.**

As discussed above, each of the plaintiff's fraud claims fails if Patricia L. Green was in fact authorized to sign the SAR.  Accordingly, the defendant will succeed on its motion for summary judgment if it shows that no reasonable inference can be made that Patricia L. Green was not authorized to sign the SAR. To this end, the defendant has submitted a sworn declaration and incumbency certificate from Lauren V. Harris, an Assistant Secretary at JPMorgan Chase Bank stating that Patricia Green was in fact a duly appointed officer of Chase Bank and was authorized to execute settlement agreements on the date on which the SAR was executed.  Decl. of Lauren V. Harris, Ex. A.

Baril responds with more speculative and conclusory allegations claiming that the declaration is actually false and suggesting that Lauren V. Harris is herself a robo-signer. Baril does not suggest that the declaration was robo-signed, nor does he provide any additional evidence to suggest that the declaration is false.  "[A] plaintiff cannot defeat a motion for summary judgment by merely restating the conclusory allegations contained in his complaint, and amplifying them only with speculation about what discovery might uncover."  <u>Contemporary Mission, Inc. v. U.S. Postal Serv</u>., 648 F.2d 97, 107 (2d Cir. 1981).  Additionally, Baril provides an expert handwriting analysis that concludes that Patricia L. Green is the same

13

person as Linda Green.  Baril Decl. Ex. C.  However, as discussed above,  even if Patricia L. Green and Linda Green are the same person, this says nothing about Ms. Green's authority to endorse settlement agreements for Chase in 2011.  Therefore, the defendant's motion for summary judgment should be granted.

CONCLUSION

The Court has considered all of the arguments raised by the parties.  To the extent not specifically addressed, the arguments are either moot or without merit.  For the foregoing reasons, the defendant's motion to dismiss or alternatively for summary judgment is **granted.  The Clerk is directed to enter judgment dismissing the Second Amended Complaint.  The Clerk is also directed to close all pending motions.**

**SO ORDERED.**

**Dated:    New York, New York**
**          November 25, 2014**              _____/s/_____
                                              **John G. Koeltl**
                                   **United States District Judge**

14