```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
────────────────────────────────────────
STEVEN BARIL,

                Plaintiff,          14 Civ. 02364 (JGK)

        - v.-                       MEMORANDUM OPINION AND
                                    ORDER
JPMORGAN CHASE BANK, N.A.,

                Defendant.
────────────────────────────────────────
```

JOHN G. KOELTL, District Judge:

   The pro se plaintiff, Steven Baril ("Baril"), brought this action alleging three claims of fraud against defendant JPMorgan Chase Bank ("Chase"). Chase moved to dismiss the amended complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) or alternatively for summary judgment pursuant to Federal Rule of Civil Procedure 56. In an order filed on November 26, 2014 and dated November 25, 2014, this Court granted the defendant's motion and dismissed the case in its entirety. The plaintiff now moves under Federal Rule of Civil Procedure 59(e) to alter or amend the judgment. The motion is denied.

   While there are no formal guidelines, courts have recognized four basic grounds on which a judgment may be altered or amended pursuant to Rule 59(e): the need to prevent manifest injustice, the need to correct errors of law or fact, the availability of new evidence, or an intervening change in

controlling law.  See Virgin Atl. Airways, Ltd. v. National Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992). Reconsideration of a court's prior order "is an extraordinary remedy to be employed sparingly" in the interest of finality. In re Health Mgmt. Sys., Inc. Sec. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (citation omitted).  In a motion for reconsideration, a party may not "advance new facts, issues or arguments not previously presented to the Court." Torres v. Carry, 672 F. Supp. 2d 346 (S.D.N.Y. Oct. 29, 2009) (citation omitted).

In his motion, the plaintiff offers new evidence that he contends confirms the fraudulent misrepresentation made by the defendant.  Nothing about the additional evidence changes the Court's prior opinion and judgment dismissing the plaintiff's amended complaint.  The plaintiff also reiterates substantially all of the arguments he made in opposition to the defendant's motion to dismiss—namely that he relied on a misrepresentation made by Chase that Patricia L. Green was an authorized representative of Chase who could bind the bank in a settlement and release agreement ("SAR").  But Chase has never denied that Patricia L. Green was an authorized representative, nor could it, as the undisputed facts clearly indicate that Chase has always performed and continues to perform as though bound by her signature.

While the plaintiff clearly disagrees with the Court's decision to dismiss his complaint, that is not a reason for the Court to reconsider this case. Because the plaintiff has failed to establish a basis for reconsideration or relief under Rules 59(e) and because he has failed to show exceptional circumstances sufficient for such relief, the plaintiff's motion is **denied**. **The Clerk is directed to close docket nos. 42 and 47. SO ORDERED.**

**Dated:    New York, New York
           January  8, 2015**                _____/s/_____
                                               **John G. Koeltl
                                         United States District Judge**